FILED

07 MAR -1 AM 8:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LYNN HARRIS,<br><br>                      Plaintiff,<br>v.<br><br>TARGET CORP.,<br><br>                      Defendant. | CASE NO. 06-CV-2559 W (WMc)<br><br>ORDER GRANTING<br>DEFENDANT'S<br>MOTION TO DISMISS |

    Defendant Target Corporation moves to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim and was previously dismissed with prejudice. Plaintiff Keith Lynn Harris has failed to oppose. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). As an initial matter, the Court **GRANTS** Defendant's Request for Judicial Notice. Additionally, for the reasons outlined below, the Court **GRANTS** Defendant's motion.

I.   BACKGROUND

    On October 18, 2006, Plaintiff filed a lawsuit in the San Diego Superior Court against Target for "violation of the Federal Fair Credit Reporting Act" and "discriminatory verification of investigative consumer reports for employment background check." (Def.'s RJN, Ex. 1 at 3.) The lawsuit arose from Target's decision in June 2006 not to employ Plaintiff based on allegedly inaccurate information obtained

from a background check. (<u>Id.</u> at 4.) The complaint alleges that Target's pre-employment background check discriminates against California residents. (<u>Id.</u> at 5.)

On October 23, 2006, Plaintiff filed a second state-court action against Target, again alleging "violation of the Federal Fair Credit reporting Act" and "discriminatory verification of investigate consumer reports required pre-employment background check." (Def.'s RJN, Ex. 3 at 13.) The lawsuit also stems from Target's decision in June 2006 not to employ Plaintiff, and alleges that Target's pre-employment background check discriminates against California residents. (<u>Id.</u> at 14–15.)

On October 31 2006, Plaintiff's first lawsuit was dismissed with prejudice. On November 22, 2006, Target removed the second action to this Court. Target now seeks to dismiss this action.

## II. LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A 12(b)(6) motion tests a complaint's legal sufficiency. <u>See</u> <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). Thus, dismissal is proper only where the plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. <u>See id.</u> "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed . . . whether it is based on an outlandish legal theory or a close but ultimately unavailing one." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989) (citations omitted). Thus, a court should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). Finally, a court must accept the complaint's allegations as true and construe the complaint in the light most favorable to the plaintiff. <u>See</u> <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 338 (9th Cir. 1996).

As an initial matter, the Court grants Defendant's motion to dismiss based on Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." Here, the Plaintiff did not file an opposition and has not requested additional time in which to do so. Moreover, Plaintiff provides no evidence that Defendant's moving papers failed to reach the mailing address designated in Defendant's Proof of Service or that Plaintiff was not aware of this pending motion.

Relying on Civil Local Rule 7.1(f.3.c), the Court deems Plaintiff's failure to oppose Defendant's motion to dismiss as consent to its merits. Accordingly, the Court **GRANTS** Defendant's motion to dismiss. Furthermore, for the reasons stated below, the Court finds that Defendant's unopposed motion demonstrates that this action is barred as a result of Plaintiff's dismissal with prejudice of the first lawsuit.

Federal courts are required to give preclusive effect to state-court judgments if state courts within the rendering state would do so. Allen v. McCurry, 449 U.S. 90, 96 (1980); see also Montana v. U.S., 440 U.S. 147, 153 (1979) (prior state court judgment precludes subsequent suit on same claim). Under California law, a dismissal with prejudice serves as an adjudication on the merits and bars a later action based on the same claim. Archiniega v. Bank of San Bernardino, 52 Cal.App.4th 213, 228 (1997). The same is true under federal law. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (holding that res judicata bars "any claims that were raised or could have been raised in a prior action."). Accordingly, this lawsuit is barred if based on the same claim as the first lawsuit.

Plaintiff's first lawsuit and this case involve the same parties: Plaintiff Keith Harris and Target. Additionally, both lawsuits arise from Target's decision in June 2006 not to hire Plaintiff, and both lawsuits charge Target with violating the Federal Fair Credit Reporting Act and discriminatory hiring practices. Because both lawsuits involve the same claim, and because Plaintiff's first lawsuit was dismissed with prejudice, this lawsuit is barred.

### III.   CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss. The Court **DISMISSES** this action **WITH PREJUDICE.** The clerk of the court shall close the district court case file.

**IT IS SO ORDERED.**

DATE: February 28, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California