1

2

3

4

5

6

7

FILED

07 MAR -1  AM 8: 57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   KEITH LYNN HARRIS,                    CASE NO. 06-CV-2559 W (WMc)

12                      Plaintiff,

13       v.                                ORDER GRANTING
                                           DEFENDANT'S
14                                         MOTION TO DISMISS
15   TARGET CORP.,

16                      Defendant.

17       Defendant Target Corporation moves to dismiss Plaintiff's Complaint on the

18   grounds that it fails to state a claim and was previously dismissed with prejudice.

19   Plaintiff Keith Lynn Harris has failed to oppose.  The Court decides the matter on the

20   papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1).  As

21   an initial matter, the Court **GRANTS** Defendant's Request for Judicial Notice.

22   Additionally, for the reasons outlined below, the Court **GRANTS** Defendant's motion.

23   I.    BACKGROUND

24       On October 18, 2006, Plaintiff filed a lawsuit in the San Diego Superior Court

25   against Target for "violation of the Federal Fair Credit Reporting Act" and

26   "discriminatory verification of investigative consumer reports for employment

27   background check." (Def.'s RJN, Ex. 1 at 3.)  The lawsuit arose from Target's decision

28   in June 2006 not to employ Plaintiff based on allegedly inaccurate information obtained

1    from a background check. (Id. at 4.) The complaint alleges that Target's pre-
2    employment background check discriminates against California residents. (Id. at 5.)

3        On October 23, 2006, Plaintiff filed a second state-court action against Target,
4    again alleging "violation of the Federal Fair Credit reporting Act" and "discriminatory
5    verification of investigate consumer reports required pre-employment background
6    check." (Def.'s RJN, Ex. 3 at 13.) The lawsuit also stems from Target's decision in
7    June 2006 not to employ Plaintiff, and alleges that Target's pre-employment
8    background check discriminates against California residents. (Id. at 14–15.)

9        On October 31 2006, Plaintiff's first lawsuit was dismissed with prejudice. On
10    November 22, 2006, Target removed the second action to this Court. Target now seeks
11    to dismiss this action.

12    **II.**    **LEGAL STANDARD**

13        Rule 12(b)(6) allows a court to dismiss a complaint upon a finding that the
14    plaintiff has failed to state a claim upon which relief may be granted. FED. R. CIV. P.
15    12(b)(6). A 12(b)(6) motion tests a complaint's legal sufficiency. See Navarro v.
16    Block, 250 F.3d 729, 732 (9th Cir. 2001). Thus, dismissal is proper only where the
17    plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a
18    cognizable legal theory. See id. "[I]f as a matter of law 'it is clear that no relief could
19    be granted under any set of facts that could be proved consistent with the allegations,'
20    a claim must be dismissed . . . whether it is based on an outlandish legal theory or a
21    close but ultimately unavailing one." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)
22    (citations omitted). Thus, a court should not dismiss a complaint "unless it appears
23    beyond doubt that plaintiff can prove no set of facts in support of his claim which would
24    entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Parks Sch.
25    of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Finally, a court must
26    accept the complaint's allegations as true and construe the complaint in the light most
27    favorable to the plaintiff. See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th
28    Cir. 1996).

     06cv2559w

1       As an initial matter, the Court grants Defendant's motion to dismiss based on

2   Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth

3   Circuit has held that pursuant to a local rule a district court may properly grant a

4   motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52,

5   53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition

6   papers where plaintiff had notice of the motion and ample time to respond).

7       Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to

8   file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute

9   a consent to the granting of that motion or other ruling by the court."  Here, the

10  Plaintiff did not file an opposition and has not requested additional time in which to do

11  so. Moreover, Plaintiff provides no evidence that Defendant's moving papers failed to

12  reach the mailing address designated in Defendant's Proof of Service or that Plaintiff

13  was not aware of this pending motion.

14      Relying on Civil Local Rule 7.1(f.3.c), the Court deems Plaintiff's failure to

15  oppose Defendant's motion to dismiss as consent to its merits. Accordingly, the Court

16  **GRANTS** Defendant's motion to dismiss. Furthermore, for the reasons stated below,

17  the Court finds that Defendant's unopposed motion demonstrates that this action is

18  barred as a result of Plaintiff's dismissal with prejudice of the first lawsuit.

19      Federal courts are required to give preclusive effect to state-court judgments if

20  state courts within the rendering state would do so. Allen v. McCurry, 449 U.S. 90, 96

21  (1980); see also Montana v. U.S., 440 U.S. 147, 153 (1979) (prior state court judgment

22  precludes subsequent suit on same claim).  Under California law, a dismissal with

23  prejudice serves as an adjudication on the merits and bars a later action based on the

24  same claim. Archiniega v. Bank of San Bernardino, 52 Cal.App.4th 213, 228 (1997).

25  The same is true under federal law. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956

26  (9th Cir. 2002) (holding that res judicata bars "any claims that were raised or could

27  have been raised in a prior action."). Accordingly, this lawsuit is barred if based on the

28  same claim as the first lawsuit.

06cv2559w

1    Plaintiff's first lawsuit and this case involve the same parties: Plaintiff Keith
2 Harris and Target.  Additionally, both lawsuits arise from Target's decision in June 2006
3 not to hire Plaintiff, and both lawsuits charge Target with violating the Federal Fair
4 Credit Reporting Act and discriminatory hiring practices.  Because both lawsuits
5 involve the same claim, and because Plaintiff's first lawsuit was dismissed with
6 prejudice, this lawsuit is barred.

7 **III.    CONCLUSION AND ORDER**

8    In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss.
9 The Court **DISMISSES** this action **WITH PREJUDICE.**  The clerk of the court shall
10 close the district court case file.

11

12    **IT IS SO ORDERED.**

13

14 **DATE: February 28, 2007**

15                                          HON. THOMAS J. WHELAN
16                                          United States District Court
                                           Southern District of California
17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                                    06cv2559w